UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT FRANKFORT

CIVIL ACTION NO. 06-47 KKC

EXPERIMENTAL HOLDINGS, INC.                                                    PLAINTIFF

VS.                              **OPINION AND ORDER**

JOHN R. FARRIS, ET AL.                                                         DEFENDANTS

* * * * * * * *

This matter is before the court on various motions including the Defendants' Motion to Dismiss Amended Complaint (Rec. No. 19) pursuant to FED. R. CIV. P .12(b) for failure to state a claim upon which relief can be granted.

## I. FACTUAL BACKGROUND

In July 2005, the Department of Corrections, Division of Probation and Parole ("the Department"), submitted a request to the Finance and Administration Cabinet, Division of Real Property ("DORP"), for new office space due to a sewage problem in the existing office. Plaintiff, Experimental Holdings, Inc. ("Experimental Holdings"), owns property located at 818 Monmouth Street in Newport, Kentucky. In March 2006, Plaintiff and several other property owners were invited by DORP to submit an offer for the lease contract in accordance with Solicitation PR-4725. The Solicitation specified that each party must provide DORP with a total annual cost of the lease and the price per square foot. On April 25, 2006, the offers of Plaintiff, EGC Partners ("EGC"), and Mid-West Properties were opened.

Plaintiff alleges that EGC's bid failed to state the total annual cost or cost per square foot prompting Jerry Briscoe, a DORP employee, to call EGC regarding the deficiency. During this

conversation, Plaintiff alleges that DORP informed EGC of the details of the offers submitted by Plaintiff and Mid-West Properties thereby allowing EGC to modify its bid resulting in a final bid that was $0.08 less per square foot than Plaintiff's bid. Plaintiff alleges that the bidding process was fixed to allow EGC to obtain the winning bid. Plaintiff brought claims pursuant to 42 U.S.C. §1983 and state law. Plaintiff alleges that the decision to award the contract to EGC was an abuse of discretion that unlawfully deprived Plaintiff of its constitutionally protected property interest in its bid without due process of law. Plaintiff further alleges, in its initial complaint, that Defendants violated KRS § 56.803.

Defendants, in a Motion to Dismiss, allege that they were operating under KRS § 56.805, a provision that governs the leasing of space in emergency situations and dispenses with many of the formal procedures required under KRS § 56.803. KRS § 56.805 requires the State to "locate and negotiate for the lease of space meeting the certifying agency's reasonable needs." KRS § 56.805(4).

On July 13, 2006, Plaintiff filed a Motion for Temporary Restraining Order to prevent the Defendants from commencing the lease with EGC. A hearing was held on the matter, in which, the Court determined that the situation did not present an emergency but determined that certain preliminary questions must be decided by the Court. In particular, the Court must determine whether DORP abused its discretion in proceeding on an emergency declaration and whether the emergency declaration was made consistent with Kentucky law.

Following the hearing, Plaintiff filed a Motion for Leave to Amend Complaint. Plaintiff's proposed amended complaint, adds a provision alleging that Defendants' conduct was arbitrary and capricious and contrary to KRS § 56.800 *et. seq*. and brings suit against Defendants in their

individual capacities.

## II. PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT

Federal Rule of Civil Procedure 15(a) provides that a party may file an amended complaint once as a matter of course at any time before a responsive pleading is served. Defendants have not filed a responsive pleading in this action. Motions to dismiss are not responsive pleadings for the purposes of Rule 15(a). *Youn v. Track, Inc*., 324 F.3d 409, 416 (6th Cir. 2003). Therefore, Plaintiff's Motion for Leave to Amend Complaint is GRANTED.

## III. MOTION TO DISMISS STANDARD

On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), "a complaint should not be dismissed. . . unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Cruz v. Beto*, 405 U.S. 319, 322 (1972)(citation omitted). "[T]he factual allegations in the complaint must be regarded as true. The claim should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Scheid v. Fanny Farms Candy Shops, Inc*., 859 F.2d 434, 436 (6th Cir. 1988) (quoting *Windsor v. The Tennessean*, 719 F.2d 155, 158 (6th Cir. 1983)).

## IV. ANALYSIS

### A. Plaintiff's §1983 Claim

"To state a claim under 42 U.S.C. § 1983, the plaintiff must show two things: (1) that the defendant acted under color of state law, and (2) that the defendant deprived the plaintiff of a federal right, either statutory or constitutional." *United of Omaha Life Ins. Co. v. Solomon*, 960 F.2d 31, 33 (6th Cir. 1992). "A disappointed bidder to a government contract may establish a

3

legitimate claim of entitlement protected by due process by showing either that it was actually awarded the contract at any procedural stage or that local rules limited the discretion of state officials as to whom the contract should be awarded." *Id*. at 34 (internal quotation marks omitted).

A property right is not created when the government simply fails to follow its own procedure. "Courts generally agree that no property interest exists in a procedure itself, without more." *Solomon*, 960 F.2d at 34 (quoting *Curtis Ambulance of Florida, Inc. v. Board of County Comm'rs*, 811 F.2d 1371, 1377 (10th Cir. 1987). "[T]here can be no property interest in a procedure itself; if there be a protected interest involved here, it is to be found in the benefit whose enjoyment is sought to be regulated by the procedure; namely, the award of the contract."*Peterson Enterprises, Inc. v. Ohio Dept. of Mental Retardation and Developmental Disabilities*, 890 F.2d 416 (6th Cir. 1989) (unpublished) (quoting *Three Rivers Cablevision, Inc. v. Pittsburgh,* 502 F.Supp. 1118, 1128-1129 (W.D.Pa. 1980).

"Property interests are created and defined by an independent source such as state law. A cognizable property interest arises when plaintiffs have a legitimate claim of entitlement (or more than a unilateral expectation) to a particular benefit." *Michigan Paytel Joint Venture v. City of Detroit*, 287 F.3d 527, 539 (6th Cir. 2002) (citations and internal quotation marks omitted). In order for Plaintiff to establish a property interest in its bid, Plaintiff must invoke some state statutory or contractual right that supports a legitimate claim to having its bid accepted. *Id*. at 538.

Defendants allege that the lease in question was procured pursuant to KRS § 56.805. KRS § 56.805 requires the State to "locate and negotiate for the lease of space meeting the certifying

4

agency's reasonable needs", thereby giving the State a great deal of discretion.  KRS § 56.805(4).

Plaintiff admits that Defendants notified Plaintiff on several occasions throughout the bidding process that the acquisition of the new space was an emergency procurement. [Rec. No. 14, Amended Complaint, pg 8]. However, Plaintiff states that a document certifying the process as an emergency pursuant to KRS § 56.805 was not provided until after the action was filed. Defendants claim that the document was temporarily misplaced and Plaintiff was provided a copy promptly upon discovery of the document. Plaintiff claims that the emergency certification was not promulgated in a timely fashion or kept on file as required by KRS § 56.805.[1]

Plaintiff alleges that the question of whether or not an emergency existed is a question of fact that the Court cannot properly dispose of on a Motion to Dismiss. However, the pleadings and exhibits attached to Plaintiff's Complaints show that the Defendants were operating pursuant to the emergency provision, KRS § 56.805. A Court may consider exhibits on a motion to dismiss where the exhibits are referred to in the plaintiff's complaint. *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997).

Exhibit A to Plaintiff's Complaint (Rec. No. 1) is a letter drafted by Jerry Briscoe, a DORP employee, which states, "the project was declared an 'emergency' since several advertising attempts had failed to produce new housing for the requesting agency" and that his "recommendation would be to remove the 'Emergency' status from the project...." Mr. Briscoe

---

[1] The Plaintiff states, in its Complaint, "[t]he bid request submitted by the Department is governed by KRS § 56.805, which limits the discretion of Defendants to award the lease contract to the best proposal in the interest of the Commonwealth." [Rec. No. 1, Verified Complaint, pg 4]. However, in the Complaint, Plaintiff alleges violation of KRS § 56.803. The Court is unaware of whether Plaintiff admitted in the original Complaint that the new space was procured pursuant to the emergency provision or if Plaintiff simply committed a typographical error. The Plaintiff argues in the Amended Complaint that Defendants were not properly operating under the emergency provisions.

was involved in the process of soliciting the bids and he considered the acquisition of the new space an emergency procurement.

Exhibit E to Plaintiff's Complaint (Rec. No. 1) is a memorandum from Brien Hoover, Leasing Manager of DORP, to Stephen Biven, Director of DORP, which states, "[t]he Department of Corrections recently submitted a request to relocate the office due to repeated incidents of sewage discharges from the detention facility located above their existing office. Advertisements failed to produce any acceptable responses; therefore DOC requested that the project be declared an emergency in accordance with KRS § 56.805.3."

Exhibit F to Plaintiff's Complaint (Rec. No. 1) is a letter dated June 22, 2006 to Plaintiff from DORP in response to Plaintiff's protest of the award of the contract to ECG. The letter states that "the solicitation was conducted as an emergency procurement, pursuant to KRS § 56.805(1) and KRS § 56.805(3)."

After considering Plaintiff's Complaints and attached exhibits, the Court finds that Defendants were operating pursuant to the emergency provision, KRS § 56.805. Plaintiff argues that regardless of whether Defendants were operating under the emergency provision, the Defendants had limited discretion in awarding the lease contract.

The *Solomon* case instructs that in order for Plaintiff to succeed on its due process claim, it must show that it was actually awarded the contract or that the state officials had limited discretion in awarding the contract. 960 F.2d at 34. The Plaintiff does not claim that it was ever awarded the lease contract. Therefore, the Court must determine whether the Defendants had limited discretion in awarding the contract under KRS § 56.805. The plain language of KRS § 56.805 provides that "the Department for Facilities Management shall take the action to locate

and negotiate for the lease of space meeting the certifying agency's reasonable needs." KRS § 56.805(4). The statute does not require the State to accept the lowest bid or even solicit bids from various owners. The statute allows the State to negotiate with a single owner if it so desires in an emergency situation. KRS § 56.805 does not limit the discretion of Defendants in awarding the contract but instead provides broad discretion in locating a space meeting the agency's reasonable needs, therefore, the Plaintiff cannot establish a legitimate claim of entitlement protected by due process, thus, Plaintiff's claim under 42 U.S.C. § 1983 is DISMISSED. *Solomon*, 960 F.2d at 33. *See also Peterson*, 890 F.2d 416 (Holding that plaintiff did not have a legitimate claim of entitlement where the statutory requirements were not exhaustive, there was no lowest bidder requirement and the government had discretion in awarding the contract).

### B. Plaintiff's State Law Claims

Plaintiff's original complaint asserts that Defendants violated KRS § 56.803 and Kentucky law respecting public contracts for the lease of real property. The Court has determined that the Defendants were operating under KRS § 56.805. Plaintiff, in the Amended Complaint, alleges that KRS § 56.803(13)(a), which prohibits negotiations or changes in the terms of written proposals, applies equally to non-emergency and emergency procurements pursuant to the official policy of the Defendants. Plaintiff alleges that this provision was violated when EGC was given information regarding Plaintiff's bid and permitted to adjust the price accordingly. However, Plaintiff's claim fails because the Defendants were bound only by KRS § 56.805, which specifically provides that "[n]otwithstanding the provisions of KRS § 56.803(4) to (19), this section shall govern the leasing of space...required as the result of a bona fide emergency." KRS § 56.805(1). The statute specifically states that KRS § 56.803(13)(a) does not apply to

emergency procurements, thus, the Plaintiff's claim must fail.

Plaintiff, in the Amended Complaint, claims that Defendants' conduct was arbitrary, capricious and contrary to KRS § 56.800 *et. seq*. KRS § 56.822 limits judicial review of an award of a lease pursuant to KRS § 56.800 to KRS § 56.823 to determining whether a lease was procured by fraud or was awarded arbitrarily or capriciously. Plaintiff claims that the process for awarding the lease was predetermined and the conduct of Defendants was intentionally misleading and/or fraudulent because the Defendants failed to inform the Plaintiff that its participation was a waste of time.

In *Michigan Paytel Joint Venture,* the court stated that plaintiffs did not provide sufficient facts to give rise to a claim that the defendants acted in an arbitrary, capricious or fraudulent manner in the bidding process. The plaintiffs alleged that the defendants rigged the bidding process to award the contract to a certain bidder but the court held that plaintiffs failed to show that the government officials "had a vested interest in or stood to gain from the contract proceedings." 287 F.3d at 541. *See also Communication Sys., Inc. v. City of Danville*, 880 F.2d 887, 891 (6th Cir. 1989) (holding that defendant's award of a television contract was not arbitrary or capricious because the plaintiffs did not allege some personal benefit flowing to the government officials). The Plaintiff has failed to allege sufficient facts to establish that the Defendants acted arbitrarily, capriciously or fraudulently, thus, Plaintiff's claim must be DISMISSED.

**C. Plaintiff's Claim Against Defendants in Their Individual Capacities**

Plaintiff, in the Amended Complaint, added a claim against Defendants in their individual capacities. In order to maintain a §1983 action against a state official, the plaintiff must

8

overcome the official's qualified immunity. *Baranski v. Fifteen Unknown Agents of the Bureau of Alcohol, Tobacco and Firearms*, 452 F.3d 433, 438 (6th Cir. 2006). Once the qualified immunity defense is raised, the plaintiff bears the burden of proving that the defendant is not entitled to qualified immunity. *Howard ex rel. estate of Howard v. Bayes*, 457 F.3d 568, 572 (6th Cir. 2006).

Qualified immunity is an affirmative defense that grants immunity from civil liability to government officials when performing discretionary functions. *Shehee v. Luttrell, et al.*, 199 F.3d 295, 299 (6th Cir. 1999). In order to defeat qualified immunity, the Plaintiff must first demonstrate that the officer's conduct violated a constitutional right. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). The Court determined that Plaintiff cannot establish a legitimate claim of entitlement protected by due process, thus Plaintiff cannot establish the violation of a constitutional right under 42 U.S.C. § 1983. Therefore, Defendants are entitled to qualified immunity and Plaintiff's claims against the Defendants in their individual capacities are DISMISSED.

## V. CONCLUSION

Accordingly, it is **ORDERED** as follows:

(1) Plaintiff's Motion for Leave to Amend Complaint (Rec. No. 13) is GRANTED.

(2) Defendant's Motion to Dismiss (Amended Complaint) (Rec. No. 19) is GRANTED.

(3) Plaintiff's Motion for Temporary Restraining Order, Preliminary Injunction and Request for Leave of Court to Conduct Expedited Discovery (Rec. No. 4) is DENIED as MOOT.

(4) Defendant's Motion to Dismiss (Rec. No 9) is DENIED as MOOT.

(5) This case is STRICKEN from the active docket of the Court.

Dated this 24th day of October, 2006.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge